### John Earle Junior *versus* Adin Hall *et al.*

In the Common Pleas, in an action against two, the defendants pleaded jointly the general issue, and the plaintiff joined issue by adding the *similiter ;* but by leave of court the defendants retracted their joint plea and pleaded the general issue severally, and the plaintiff's counsel was directed to join issue on the several pleas ; which he refused to do. The cause, however, was tried and a verdict returned against the defendants, and judgment rendered thereon ; from which judgment one of the defendants appealed ; and upon his motion in this Court, the plaintiff's counsel was again directed to join issue on the appellant's several plea ; which he refused to do. It was *held*, that such refusal was a discontinuance of the action.

An issue upon a plea concluding to the country is not complete without the *similiter.*

It was also *held*, that under the circumstances above stated, a motion by the plaintiff to take off the discontinuance, ought not to be granted.

Whether a cause is so far before the court, after a discontinuance, that such a motion can be sustained, *quære.*

The appellant was allowed to tax his costs for attendance after the discontinuance and until the cause was disposed of finally by the opinion of the whole Court.

Trespass *quare clausum fregit,* brought against Hall and one Gilbert. In the Court of Common Pleas the defendants pleaded a joint plea of not guilty, upon which the plaintiff joined issue by adding the *similiter.* When the case came on for trial in that court, and before any evidence had been offered, the defendants moved for leave to retract their joint plea and file several pleas, and leave being granted, they filed several pleas of not guilty. The defendants then moved the court to direct the plaintiff to join issue upon the several pleas, and the court directed accordingly, but the plaintiff declined doing so. The court then directed the trial to proceed upon the two separate pleas, and the cause was committed to the jury and a verdict found against the defendants, and judgment rendered thereon. From this judgment Hall appealed. Upon motion of the plaintiff, the court ordered that the plaintiff might take judgment against Gilbert for his damages and costs if he elected so to do.

In this Court, held by *Putnam* J., at November term 1837, the cause was called on for trial, and before it was opened to the jury, the plaintiff moved the Court to permit it to be tried on the joint plea, on which issue had been joined, or to dismiss the appeal as having no jurisdiction in a case where an issue was not joined ; but the judge overruled the motion. After-

ward, the appellant moved that the plaintiff join issue upon the appellant's several plea ; which motion was opposed by the plaintiff's counsel, but nevertheless was granted by the judge, and the plaintiff was directed to join the several issue ten dered in the Common Pleas by the appellant.    The plaintiff's counsel, however, declined filing any other replication than the one filed in the Common Pleas, alleging the following reasons : — 1. Because the general issue was pleaded and joined in the court below, and no right was reserved to plead anew in this Court ; — 2. Because the several plea was not different from the joint plea, but was the same plea and the issue upon it was already joined ; — 3. Because the action was tried in the court below upon the joint plea and no other ; — 4. Because if no issue was joined in the court below, this Court had no appellate jurisdiction in the cause ; — 5. Because there are two defendants named in the case, and one is not a party in this Court and has no several plea here to be joined, and the plaintiff cannot join a plea of a party not a party to the record ; — 6. Because the statute has prohibited special pleading, and the general issue having been pleaded and joined, the plaintiff could not lawfully be required to join any other plea.

After the plaintiff had declined filing any other replication in this Court, the judge was of opinion, and adjudged, that the plaintiff had discontinued his action, and that the appellant recover his costs.

To the foregoing opinions and adjudications the plaintiff filed exceptions.

*S. D. Parker*, in support of the exceptions, contended that there was no discontinuance of the action.    The plaintiff had a vested right to go to trial upon the joint issue.    Besides, the *similiter* to the joint plea remained of record, and the court below applied it to the several pleas, and the plaintiff, by going to trial, assented to that application.    5 Dane's Abr. 672, § 15 ; 1 Bos. & Pul. 412 ; 1 Lee's Dict. of Pract. 489 ; Graham's Pract. 493 ; 8 Petersd. Abr. 387, 393.    If there was no discontinuance below, there could be none here ; and if there was one below, it was cured by the verdict.    *Carter* **v.** *Davies*, 1 Salk. 218 ; *St. 32 Hen. 8, c. 30 ; Smithson* **v.**

Earle
*v.*
Hall

*March 12th.*

*Garth*, 3 Lev. 325 ; *Randal* v. *Brees*, 3 Lev. 39, 40 ; 1 Danv. Abr. 352 ; *Walwin* v. *Smith*, 1 Salk. 177 ; 1 Lee's Dict. of Pract. 491 ; *Humble* v. *Bland*, 6 T. R. 255 ; *Whiting* v. *Cochran*, 9 Mass. R. 533 ; 1 Lilly's Pract. Reg. 645. The *similiter* is no part of the pleadings, and the issue was complete without one. Stephen on Pl. 255 ; Gould's Pl. 315, § 20, 21 ; *Babcock* v. *Huntington*, 2 Day, 392 ; *Sayer* v. *Pocock*, Cowp. 408 ; 2 Wms's Saund. 317, 319, note 6 ; *Reeder* v. *Bloom*, 2 Bingh. 384 ; 2 Tidd's Pr. (2d ed.) 834, 835 ; *Shaw* v. *Redmond*, 11 Serg. & Rawle, 32. Had the plaintiff joined the several issue as to the defendant who appealed, it would have been a discontinuance as to the other defendant. In criminal cases the *similiter* is not used.

*E. Hasket Derby* and *Andrews*, for the defendant, cited Revised Stat. c. 100, § 22.

WILDE J. delivered the opinion of the Court. When this cause came on for trial at the Court of Common Pleas, the defendants moved the court for leave to retract their joint plea, before pleaded, on which an issue had been joined by the plaintiff, and to plead anew, and severally, the general issue, which was granted by the court. The plaintiff's counsel declined to join the issues on these pleas, although directed so to do by the court. The parties, however, proceeded to trial, and a verdict was returned for the plaintiff against both defendants. When the cause came on for trial in this Court, on appeal, the appellant's counsel moved the Court, as was before moved in the Common Pleas, that the plaintiff's counsel should be directed to join the issues tendered by the several pleas, and the plaintiff's counsel was so directed by the Court, but again declined, for certain reasons then given. Thereupon the Court, being of opinion that this refusal to join the issues was a discontinuance of the action, gave judgment in favor of the appellant for his costs. To this judgment and the ruling of the Court the plaintiff's counsel except.

Several exceptions were taken to the ruling of the Court, which have not been relied on in the argument, and upon which no remark can be necessary, as they are clearly unfounded.

The first exception to the ruling of the Court on which the plaintiff's counsel do rely, is, that the issue was complete with-

out adding the *similiter*, and consequently that he was not
bound by law to comply with the direction of the Court.  This
is a new doctrine of pleading and practice, and if well founded,
would furnish a singular reason for refusing to comply with the
direction and ruling of the Court.   It was not stated among
the numerous exceptions at the trial, and doubtless did not oc-
cur to the plaintiff's counsel at that time, for if it did it is diffi-
cult to imagine any reason why a point should be made on a
question entirely immaterial provided the issue was well joined.
The plaintiff could not be injured by adding the *similiter* in
compliance with the ruling of the Court, and the well settled
practice and principles of pleading.   If however the exception
is well founded, the plaintiff will be entitled to the benefit of it.
But it very clearly has no foundation in law, and this appears
from all the cases cited by the plaintiff's counsel.   The only
question ever made is, whether if the *similiter* is omitted, the
omission is cured by the verdict, or is amendable.   All the
authorities agree that if it is not cured by the verdict, or is not
amendable, it is a fatal irregularity.   Before the *St. Hen.* 8,
the want of a *similiter* was held not to be aided or amendable,
but in subsequent cases such a defect has been held to be
amendable.   This was decided in the case of *Sayer* v. *Pocock*,
Cowp. 407, which was cited by the plaintiff's counsel.   Lord
*Mansfield* says, one is ashamed and grieved that such objec-
tions remain.   They have nothing to do with the justice of the
case, but only serve to entangle, without being of the least aid
in preventing irregularity.   In that case an amendment was al-
lowed after verdict, to avoid a writ of error, on three grounds :
1. That it was a mistake of the clerk ; 2. That there was an
" &c " added, which was construed, according to the reascn-
ing of Lord *Coke*, to mean every necessary matter which
ought to be expressed ; and 3. Because by amending, the
court only make that right which the defendant himself under-
stood to be right by his going down to trial.

There are other cases in which the same defect has been
supplied by amendment ; but the law on this point does not
appear to be fully settled in England, for in *Griffith* v. *Crock-
ford*, 3 Brod. & Bingh. 1, a verdict was set aside for irregu-
larity, on the ground that the issue was carried down to trial

Earle
*v.*
Hall

without adding the *similiter*. But whether such an omission by mistake may be amended or not, is immaterial in this case. It is clear that no issue was joined by the plaintiff on the several pleas, and his counsel refused to join them.

But he contends, that there being an affirmative on one side and a negative on the other, the issue is complete ; but it is clear that if the defendant had not concluded to the country, the plaintiff might have demurred, and the plaintiff was bound, as the plea did conclude to the country, to join the issue in the usual form, or there would have been no issue joined which the jury could regularly try.

But the plaintiff's counsel insist that the *similiter* added to the issue on the joint plea might be applied to the several issues ; and perhaps if the cmission to add a *similiter* to each of those pleas had happened by mistake, and the parties had proceeded to trial, such a construction might be thought reasonable, or the defect might be supplied by an amendment. But the plaintiff's counsel strenuously objected to joining the issues tendered by the several pleas, and it is impossible on any construction to hold that those were joined.

The next exception to the ruling of the court is equally untenable. The exception is, that the plaintiff could not regularly join both issues, as one of the defendants only had appealed. If this were true, which, however, is not admitted, it can be no reason for refusing to join the issue tendered by the appellant.

The last exception is to the order of the Court, that a discontinuance should be entered, and judgment thereon for the appellant. This exception was not particularly urged, and certainly cannot be sustained. An action may be discontinued in various ways. The plaintiff may voluntarily discontinue his suit, but this cannot be done without the leave of court, after issue joined. Or the action may be discontinued by a mistake in the pleadings. If for instance a plea answers only a part of the declaration, unless it begins as an answer to the whole, and the plaintiff demurs or pleads over the whole action is discontinued ; for the plaintiff should take judgment for the part unanswered as by *nil dicit*. The plea in such a case is considered as a mere nullity, and as it is said, there is consequently an

Earle
*v*
Hall.

interruption or chasm in the pleading, which is called, in technical phrase, a discontinuance. Stephen on Pl. 233 ; 1 Tidd's Pr. (2d ed.) 617. In the present case there was a complete interruption in the pleadings by the plaintiff's refusal to join the issue. It has been argued that the *similiter* is no part of the pleadings, and it is true that it is not a part of the issue which the jury are to try ; but until an issue is joined the pleadings cannot be closed ; Stephen on Pl. 76 ; and the case cannot be tried. If the plaintiff refuses to proceed to trial, his action is necessarily discontinued ; or the plaintiff may be nonsuit. According to the practice in England, if a defendant gives a rule to the plaintiff to enter his issue, the plaintiff must bring the record into the office within four days after notice, otherwise he shall be nonsuit. Com. Dig. *Pleader*, *R* 11. After an issue joined, the court cannot order a nonsuit, for the plaintiff has a right to have the issue tried. But if he refuses to join any issue, the court may undoubtedly order a nonsuit or a discontinuance to be entered, and it is immaterial which, for the judgment is substantially the same in either case. So if the defendant refuses to join an issue properly tendered, or to plead to the declaration, the plaintiff is entitled to judgment as by *nil dicit*. It makes no difference, either in law or reason, whether the plaintiff does not appear when called, or appearing refuses to go on with his cause according to the established rules of pleading and practice.

For these reasons, stated much more at large than so plain a case requires, we are of opinion that a discontinuance was properly entered, and that the appellant is entitled to judgment for his costs.

On a motion subsequently made to take off the discontinuance and permit the plaintiff to join the several issue and go to trial, it was contended, 1. That the plaintiff was out of court by the discontinuance, and the Court had no longer jurisdiction of the cause ; and 2. That if it was within the power of the Court to grant the motion, yet under the circumstances the course proposed would be oppressive upon the appellant and ought not to be allowed.

The *Court*, without deciding whether the cause was so far

*April 6th*

before them that they could sustain the motion, but supposing it was for the purposes of this case, were of opinion that, under the circumstances upon which the case was presented, the motion ought not to be granted.

The appellant's attorney taxed costs for attendance after the entry of the discontinuance and until the opinion of the whole Court was delivered. *Parker* objected, that his client, having been ruled out of court, ought not to be compelled to pay costs for attendance after he was out of court ; and he cited the statute as to allowing no costs for attendance after a default. But the Court determined that costs for the subsequent attendance were rightly taxed.